87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abraham Heriberto GONZALEZ-ALVARADO, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-70621.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1996.*
Decided June 18, 1996.
 
 1
 Before: GOODWIN and HAWKINS, Circuit Judges, WARE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Abraham Heriberto Gonzalez-Alvarado ("Petitioner") petitions for review of the Board of Immigration Appeals' decision affirming the order of an immigration judge which denied Petitioner's applications for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a) and deny the petition for review.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 4
 The United States initiated deportation proceedings against Petitioner, a native and citizen of Nicaragua, by issuing an order to show cause on May 6, 1985. Petitioner was charged with being deportable pursuant to former section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2), for entering the United States without inspection by an immigration officer. At the hearing before the immigration judge, Petitioner admitted the factual allegations and conceded deportability, but sought relief from deportation in the form of political asylum, withholding of deportation, and in the alternative, voluntary departure.
 
 
 5
 The immigration judge denied Petitioner's application for political asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h). In lieu of an order of deportation, the immigration judge granted Petitioner sixty days voluntary departure without cost to the United States.
 
 STANDARD OF REVIEW
 
 6
 We review the denial of political asylum for an abuse of discretion. Kazlauskas v. I.N.S., 46 F.3d 902, 905 (9th Cir.1995); Berroteran-Melendez v. I.N.S., 955 F.2d 1251, 1255 (9th Cir.1992). We review the factual findings underlying the BIA's asylum determination and will reverse only if it is not supported by "reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4); I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We review a decision to deny the withholding of deportation for substantial evidence. Kazlauskas, 46 F.3d at 907; Echeverria-Hernandez v. I.N.S., 923, F.2d 688, 690 (9th Cir.1991).
 
 DISCUSSION
 
 7
 To be eligible for asylum, Petitioner must demonstrate a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." See 8 U.S.C. § 1158(a); 1101(a)(42)(A). The Court cannot reverse the BIA unless the evidence presented "was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Elias-Zacarias, 502 U.S. at 483-84. To qualify for withholding of deportation, the applicant must present evidence of a clear probability of persecution. 8 U.S.C. § 1253(h); I.N.S. v. Stevic, 467 U.S. 497, 430 (1984); see also Acewicz v. I.N.S., 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 8
 The BIA assumed the facts presented by Petitioner to be true as alleged. Petitioner's brother, a driver for the Catholic Church was detained by the Sandinistas for fifteen days. Petitioner stated that he believes his brother was arrested because he was working for the Church, as he received unsigned letters directing him to stop assisting the parish priest. Petitioner's father was arrested in 1984 for making negative comments about the Sandinistas in a bar. Petitioner testified that he was never detained, arrested, interrogated or imprisoned while living in Nicaragua, but he believes that if he returns, he would become a target as well.
 
 
 9
 Petitioner testified that representatives from the committee for the defense of the Sandinista revolution ("CDS") requested that he attend their meetings and that when he refused, they rationed his food. Petitioner also testified that because he refused to participate in the meetings, the CDS denied him his diploma and he was therefore prevented from attending college. In addition, Petitioner stated because he refused to participate in CDS meetings and thus could not get the required participation letter from the CDS, he would not be able to obtain work in Nicaragua. Petitioner also testified that he was able to obtain a passport and leave Nicaragua without incident.
 
 
 10
 Petitioner acknowledged the change in government in Nicaragua, but testified that he fears harm if he returns to Nicaragua because his enemies are "still looking for revenge or vengeance." Petitioner argues that his past persecution would be "tantamount to persecution."
 
 
 11
 Here substantial evidence supports the BIA's determination that Petitioner did not demonstrate past persecution or a well-founded fear of future persecution to merit a grant of asylum. Denial of food rations does not constitute persecution. Saballo-Cortez v. I.N.S., 761 F.2d 1259, 1264 (9th Cir.1985). The denial of Petitioner's diploma also does not reach the level of substantial economic disadvantage so as to be eligible for asylum, particularly as Petitioner has not alleged that he was denied the opportunity to earn a livelihood. See id.; Kovac v. I.N.S., 407 F.2d 102, 107 (9th Cir.1969). Acts of violence directed at an applicant's family may establish a well-founded fear of persecution. However, the violence must "create a pattern of persecution closely tied to the petitioner." Arriaga-Barrientos v. U.S.I.N.S., 937 F.2d 411, 414 (9th Cir.1991). Petitioner's evidence does not establish such a pattern. Moreover, Petitioner was not detained, jailed or physically threatened. Even were Petitioner to have presented facts of such activity, this does not entitle him to asylum. See e.g., Prasad v. I.N.S., 47 F.3d 336, 339 (9th Cir.1995) (brief detention and hit to stomach and kicked from behind); Mendez-Efrain v. I.N.S., 813 F.2d 279, 283 (9th Cir.1987) (detention and questioning for four days).
 
 
 12
 The Court cannot find, based on the evidence Petitioner presented, that "a reasonable factfinder would have to conclude that the requisite fear of persecution existed." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). Accordingly, we affirm the BIA's denial of asylum.
 
 
 13
 As the standard for withholding deportation, clear probability, is higher than that for asylum, we find that Petitioner necessarily failed to demonstrate he was entitled to withholding of deportation. See also Acewicz, 984 F.2d at 1062. Accordingly, the Court will not disturb the BIA's denial of withholding of deportation.
 
 
 14
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3